ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7210
     FAX: (415) 436-6748
     Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 23-CR-00191 AMO |
| Plaintiff, | ) [FILED JUNE 12, 2023] |
| v. | ) |
| ARAMIYA BURRELL, ET AL, | ) |
| Defendant. | ) |

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. 18-CR-00038 JD |
| Plaintiff, | ) [FILED FEBRUARY 1, 2018] |
| v. | ) NOTICE OF RELATED CASE IN A CRIMINAL |
| | ) ACTION |
| ARAMIYA BURRELL, | ) |
| Defendant. | ) |

NOTICE OF RELATED CASES
U.S. v. BURRELL

v. 7/10/2018

1    The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court

2    that the two above-captioned criminal cases are related.  The government seeks to relate the earlier-filed

3    single defendant Form 12 case to the later-filed multi-defendant case in the interests of judicial

4    economy.

5    In the later filed case, *United States v. Aramiya Burrell, et al.*, CR 23-191 AMO, the Grand Jury

6    returned a second superseding indictment charging Mr. Burrell and eight other defendants with Hobbs

7    Act Conspiracy and substantive Hobbs Act robbery counts.  The alleged conduct occurred in 2022-2023,

8    and the Grand Jury returned the second superseding indictment against Mr. Burrell on August 22, 2024.

9    By contrast, in *United States v. Aramiya Burrell*, CR 18-038 JD, the Grand Jury charged Mr. Burrell

10   with violations of 18 U.S.C. 922(g) relating to conduct in 2018.  Mr. Burrell's supervised release term

11   began in October 2021, and the Probation Department has charged him with eleven (11) violations

12   alleged to have occurred in 2022-2024.  Among these is a charge alleging that Mr. Burrell conspired to

13   commit Hobbs Act robbery (as alleged in the second superseding indictment in CR 23-191 AMO against

14   nine defendants).

15   In addition, the government proffers these facts in support of the notice.  First, the government

16   recently filed a notice of related case for co-defendant Hutchinson on similar grounds, and the Court

17   related the earlier filed Form 12 case to the pending nine-defendant indictment in CR 23-191 AMO.[1]

18   Second, in Mr. Burrell's case, he has sought pretrial release in both actions in recent weeks[2], appearing

19   before two magistrate judges to argue his position under two different standards governing release;

20   defense counsel is currently seeking to re-open detention in CR 23-191 AMO; and the government

21   opposes release in either case.

22   Based upon these facts, the cases are related within the meaning of Local Rule 8-1(b)(1) because

23   they involve the same defendant, although CR 23-191 AMO also involves eight additional defendants.

24   The events and occurrences in the two cases overlap with respect to the pending Hobbs Act violations

25

26   [1] *See* ECF No. 214 in CR 23-191 AMO, filed December 27, 2024.

27   [2] *See* ECF No. 59 (Order re 11/5/24 detention hearing in CR 18-38 JD before Hon. Thomas S. Hixson) and ECF No. 167 (Order of Detention after 10/23/24 hearing in CR 23-191 AMO before Hon.

28   Kandis A. Westmore).  Defendant's motion to reopen detention in CR 23-191 AMO is ECF No. 216, filed December 30, 2024.

1  against multiple defendants. Given that CR 23-191 AMO is proceeding against nine defendants,

2  including Mr. Burrell, judicial economy is best served by relating Mr. Burrell's Form 12 case to the later

3  CR 23-191 AMO case. For these reasons, the cases are sufficiently related within the meaning of Local

4  Rule 8-1(b)(2) because, if heard by separate judges, the actions likely would involve substantial

5  duplication of labor – with respect to Mr. Burrell's case -- by two judges.

6        For the foregoing reasons, the United States moves for an order relating CR 18-038 JD to the

7  more recent case number CR 23-191 AMO. This will obviate the need for two judges to consider the

8  merits of Mr. Burrell's alleged conduct in 2022-2023, while ensuring that the District Judge assigned to

9  CR 23-191 AMO hears the case as to each of the named defendants in that larger case. The order to

10  relate would also bring the detention proceedings before one magistrate judge who may hear any

11  relevant issues in either case. In sum, relating Mr. Burrell's earlier case to the pending multi-defendant

12  case will promote conservation of judicial resources, as well as the parties' resources. Per Local

13  Criminal Rule 8-1(c)(4), government counsel states that assignment of these cases to a single judge is

14  likely to conserve judicial resources and promote an efficient determination of each action.

15  DATED: January 2, 2025                Respectfully submitted,

16                                    ISMAIL J. RAMSEY
United States Attorney

17

18                                    *Jonathan U. Lee*

19                                    JONATHAN U. LEE
Assistant United States Attorney

20

21

22

23

24

25

26

27

28