CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorneys

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-6748
Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARAMIYA BURRELL, <br><br> Defendant. | NO. CASE CR 23-00191-5 AMO [KAW] <br><br> **DETENTION ORDER AFTER BOND HEARING** |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> V. <br><br> ARAMIYA BURRELL, <br><br> Defendant. | NO. CASE CR 18-038 AMO |

On August 26, 2025, the Court presided over a bond hearing. Defendant Burrell was present with his counsel Brian Berson. The government appeared through Assistant U.S. Attorney Jonathan U. Lee. Pretrial Services Officer Brad Wilson was present. The Court heard argument from the parties and received information from Pretrial Services. As a result, after considering the arguments of counsel, the parties' proffers, and the information provided by Pretrial Services, the Court ordered Mr. Burrell detained.

## I.  PROCEDURAL HISTORY

In Case No. CR 23-191, the Grand Jury charged Mr. Burrell with Conspiracy to Commit Hobbs Act Robbery and Hobbs Act Robbery in the Second Superseding Indictment, filed August 23, 2024. Defendant filed a motion for a detention hearing on October 21, 2024. ECF 162-163. At a hearing on October 23, 2024, the Court remanded the defendant. ECF 166-167. On December 30, 2024, defendant filed a renewed motion for release. ECF 216. At a further detention hearing on January 16, 2025, the Court ordered Mr. Burrell released. ECF 234-235. Pretrial Services filed a Form 8 on May 8, 2025. ECF 330. The defendant changed his plea to guilty on June 11, 2025, pleading guilty to two counts – the conspiracy charge in Count One and the December 24, 2022 robbery of Joyus Wellness, a marijuana business in Oakland, in Count Four. ECF 380-381. Pretrial Services filed a Form 8 on June 18, 2025. ECF 389. Pretrial Services filed another Form 8 on August 21, 2025. ECF 474. The parties appeared for the bond hearing on August 26, 2025. ECF 477. The Court approved the parties' stipulation and reset defendant's sentencing hearing to October 27, 2025.[1] ECF 480.

## II.  APPLICABLE LAW

Under the Bail Reform Act, defendants who have been convicted of a "crime of violence" must be detained unless: (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the

---

[1] Defendant will also be sentenced that day in CR 18-38 for violations of supervised release. The Court, through Magistrate Judge Hixson, detained Mr. Burrell in that case in November 2024, ECF 59, before the cases were related and the Court took up the question of detention in both CR 23-191 and CR 18-38 at the January 16, 2025 hearing. ECF 78.

community. 18 U.S.C. § 3143(a)(2).  If the defendant falls under Section 3143, he must be detained unless he "clearly shows" that "there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145; *see United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (discussing "exceptional circumstances" test).[2]

### III.   DISCUSSION

Here, Mr. Burrell must first satisfy 18 U.S.C. § 3143(a)(2) because he has been convicted of a crime of violence, namely Count Four. *United States v. Eckford*, 77 F.4th 1228, 1236 (9th Cir. 2023) ("…Hobbs Act robbery is a crime of violence."); *Young v. United States*, 22 F.4th 1115, 1123 (9th Cir. 2022) (same for aiding and abetting).

As a result, defendant must show that either "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or that the "attorney for the Government [will] recommend[] that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(i), (ii).  Mr. Burrell cannot make either showing because there will be no trial due to his guilty plea, and under the terms of the plea agreement the government will recommend a term of imprisonment.

But assuming arguendo that defendant could meet the requirements of 18 U.S.C. § 3143(a)(2)(A), defendant then must show "by clear and convincing evidence" that he "is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B).  "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).  As discussed below, Mr. Burrell did not meet his burden.

Furthermore, the Court also considered whether it must order Mr. Burrell detained or whether "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145.  A district court "should examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing

---

[2] In the context of the supervised release violations petition, it is defendant's burden to show by clear and convincing evidence that he is not a risk of flight nor a danger to any person or the community.  18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) ("§ 3143 govern[s] release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.").

in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). "Hardships that commonly result from imprisonment do not meet the standard." *Id.* at 1022. This is so because "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration." *Id.*

At the hearing, defendant proffered that he had a substance abuse problem, he made his court appearances, he was under the stress of losing three family members recently, and he was running an errand to pick up soda for other residents of the halfway house when he texted at 1:00 a.m. on August 7, 2025, "Brother if you want some juice give me the money I'm going to the hood tomorrow." Defendant also proffered that he had not been arrested for any conduct that occurred while on release, he had met regularly with Pretrial Services and his attorney, and had enrolled in an online drug treatment course.

The Court heard additional information from Pretrial Services about the defendant's lack of candor regarding his whereabouts, his lack of amenability to supervision generally, and his lack of cooperation when a pretrial services officer attempted to take an oral swab for a drug test on August 6, 2025. In that interaction, Mr. Burrell grew agitated and raised his voice, and even though the officer "repeatedly asked the defendant to lower his voice," defendant did not comply. The pretrial services officer retreated to their vehicle, "[d]ue to officer safety."

The Court finds that defendant did not meet the requirements of 18 U.S.C. § 3143(a)(2)(A)(i), (ii), did not carry his burden under 18 U.S.C. § 3143(a)(2)(B), and did not establish any "exceptional circumstances" under 18 U.S.C. § 3145 or *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003). For good cause appearing, namely the reasons discussed on the record and in this order, the defendant is therefore remanded to the custody of the U.S. Marshal pending sentencing.

IT IS SO ORDERED.

DATED: _September 8, 2025__

HON. KANDIS A. WESTMORE
U.S. Magistrate Judge