AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

### Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br>Aramiya Burrell | )   **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)   Case Number:  CR-23-00191-005 AMO<br>)<br>)   USM Number:  24686-111<br>)<br>)   Defendant's Attorney:  Brian Berson (Appointed)<br>)<br>) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>One and Four of the Second Superseding Indictment</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Conspiracy to Commit Hobbs Act Robbery | 03/14/2022 | One |
| 18 U.S.C. §§ 1951(a), 2 | Robbery Affecting Interstate Commerce and Aiding and Abetting Robbery Affecting Interstate Commerce | 12/24/2022 | Four |
| | | | |

The defendant is sentenced as provided in pages 2 through  _8_  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s)  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/17/2025
_____
Date of Imposition of Judgment

*Araceli Martínez* (signature)
_____
Signature of Judge

The Honorable Araceli Martínez-Olguín
<u>United States District Judge</u>
Name & Title of Judge

November 20, 2025
_____
Date

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
　　　　　　　　　　　　Sheet 2 — Imprisonment

DEFENDANT:  Aramiya Burrell                                                                    Judgment — Page 2 of 8
CASE NUMBER:  CR-23-00191-005 AMO

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
　　　　82 months custody. This term consists of terms of 82 months as to Counts One and Four, all counts to be served concurrently.
　　　　This sentence should be served concurrently to the sentence imposed in Docket No. 18-CR-00038-001.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be
returned to the owner(s) listed on the Affidavit of Owner of Bond Security form on file in the Clerk's Office.

☑　The Court makes the following recommendations to the Bureau of Prisons:
　　　The defendant be designated to FCI-Mendota. If that is not available, the Court recommends placement at a facility that
　　　provides psychotherapy. If that is unavailable, the Court recommends placement at a facility that offers RDAP.
☑　The defendant is remanded to the custody of the United States Marshal.

☐　The defendant shall surrender to the United States Marshal for this district:

　　☐　at　on　(no later than 2:00 pm).

　　☐　as notified by the United States Marshal.

☐　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐　at　on　(no later than 2:00 pm).

　　☐　as notified by the United States Marshal.

　　☐　as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.


　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　By　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                  Sheet 3 — Supervised Release

DEFENDANT:  Aramiya Burrell                                    Judgment — Page 3 of 8
CASE NUMBER:  CR-23-00191-005 AMO

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>Three (3) years.</u> This term consists of terms of three years on each of Counts One and Four, all such terms to run concurrently.

## MANDATORY CONDITIONS OF SUPERVISION

1)     You must not commit another federal, state or local crime.

2)     You must not unlawfully possess a controlled substance.

3)     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☐    The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

DEFENDANT: Aramiya Burrell                                      Judgment — Page 4 of 8
CASE NUMBER: CR-23-00191-005 AMO

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1)   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2)   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3)   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4)   You must follow the instructions of the probation officer related to the conditions of supervision.
5)   You must answer truthfully the questions asked by your probation officer.
6)   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7)   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8)   You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9)   You must not communicate or interact with someone you know is engaged in criminal activity.
10)  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11)  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12)  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐    If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____          _____
          Defendant                                                Date

          _____          _____
          U.S. Probation Officer/Designated Witness                Date

AO 245B (Rev. 11/25)     Judgment in a Criminal Case
                         Sheet 3D — Supervised Release

DEFENDANT:  Aramiya Burrell                                               Judgment — Page 5 of 8
CASE NUMBER:  CR-23-00191-005 AMO

# SPECIAL CONDITIONS OF SUPERVISION

1.      You must at all times either have full-time employment, full-time training for employment, or full-time job search, or some combination thereof, unless otherwise excused by probation.

2.      You must not knowingly participate in gang activity, must not knowingly associate with a current member of Ghost Town gang, and must not knowingly wear the clothing, colors, or insignia of the Ghost Town gang.

3.      You must not have contact with any codefendant in this case, namely Jakari Jenkins, Garland Rabon, Keanna Smith-Stewart, Darrin Hutchinson, Danny Garcia, and Ricky Joseph.

4.      You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

5.      You must participate in an outpatient program of testing and treatment for drug abuse, as directed by the probation officer, until such time as you are released from treatment by the probation officer. You are to pay part or all of the cost of this treatment, at an amount not to exceed the cost of treatment, as deemed appropriate by the probation officer. Payments must never exceed the total cost of urinalysis and counseling. The actual co-payment schedule must be determined by the probation officer.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:  Aramiya Burrell                                                                 Judgment — Page 6 of 8
CASE NUMBER:  CR-23-00191-005 AMO

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|--------|-----------|------|-------------|------------------|-------------------|
| TOTALS | $ 200.00  | Waived | None      | N/A              | N/A               |

☐   The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---------------|--------------|---------------------|------------------------|
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
|               |              |                     |                        |
| TOTALS        | $  0.00      | $  0.00             |                        |

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the.

    ☐   the interest requirement is waived for the  is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)     Judgment in a Criminal Case
                    Sheet 6 — Schedule of Payments

DEFENDANT:  Aramiya Burrell                                              Judgment — Page 7 of 8
CASE NUMBER:  CR-23-00191-005 AMO

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐   Lump sum payment of _____ due immediately, balance due

        ☐   not later than  , or
        ☐   in accordance with   ☐ C,  ☐ D, or  ☐ E, and/or   ☐ F below); or

**B** ☐   Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒   Special instructions regarding the payment of criminal monetary penalties: It is further ordered that the defendant shall pay to the United States a special assessment of $200. Payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102, or via the pay.gov online payment system. During imprisonment, payment of criminal monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |
| | | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:

    -    Any property taken from the Robert R. Johnson Stamp & Coin Company and its employees in San Francisco, California on March 18, 2022 including: $58,000 in U.S. currency; 320 Morgan and Peace Silver dollars (valued at around$ 10,000); 200 American Silver Eagle Coins (valued at around $6,000); 12 pocket watches (valued at around $30,000); a group of U.S. large and small sized bank notes (valued at around $4,000); a group of U.S. modem star notes (valued at around $2,5000); a 19th Century Tiffany gold platinum and diamond intaglio brooch (valued at around $10,000); a 19th Century 18K European gold cigarette case (valued at around $6,000); 50 U.S. gold Sain

---

\* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Gaudens type coins (valued at around $120,000); 20 U.S. Mint American Gold Eagle coins (valued at around $40,000); and the cellphones and wallets of Victims I and 2.

- Any jewelry taken from the H Bee Jewelry Store in San Pablo, California on November 12, 2022, including any stolen jewelry seized in or around 2973 Mokelumne Court in Manteca, California, and in or around 575 North Andalusia Way in Mountain House, California, on January 26, 2023.

- Any property taken from Joyus Recreation and Wellness Group, 2430 Union Street, Oakland, California on December 24, 2022, including a bag of marijuana and the cellphone and contents of a wallet taken from Victim 4.

- A 2019 black Audi S5 (VIN ending in 23020) obtained on November 21, 2022 from Audi Oakland, 7201 Oakport Street, Oakland, California, along with $9,500 in cash made as a down payment towards that vehicle taken on November 24, 2022 during a burglary of Audi Oakland.

- Any property purchased using the stolen Wells Fargo debit card taken from Victim 4's person at 2430 Union Street, in Oakland, California on December 24, 2022, including any property purchased at Westfield Mall in San Francisco, California on December 26, 2022.

☐ The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**